COURTNEY CULWELL HILL  (SBN: 210143)
cchill@grsm.com
SHANNON L. ERNSTER  (SBN: 264940)
sernster@grsm.com
HELA VAKNIN  (SBN: 342083)
hvaknin@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Telephone:  (213) 576-5000
Facsimile:  (213) 680-4470

Attorneys for Defendant
SENIOR OPERATIONS, LLC

JONATHAN A. STIEGLITZ  (SBN 278028)
Jonathan@stieglitzlaw.com
THE LAW OFFICES OF
JONATHAN A. STIEGLITZ
11845 W. Olympic Blvd., Suite 800
Los Angeles, California  90064
Telephone: (323) 979-2063
Facsimile: (323) 488-6748

Attorney for Plaintiffs
NATALIE GOMEZ, ADVANCED WEIGHT
LOSS SURGICAL ASSOCIATION, AND
MINIMALLY INVASIVE SURGICAL ASSOCIATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATALIE GOMEZ, ADVANCED WEIGHT LOSS SURGICAL ASSOCIATION, MINIMALLY INVASIVE SURGICAL ASSOCIATION<br><br>Plaintiffs,<br><br>v.<br><br>SENIOR OPERATIONS, LLC and DOES 1-10,<br><br>Defendant. | Case No.: 2:23-cv-10135-CBM-BFM<br>*Judge: Consuelo B. Marshall*<br>*Magistrate Judge:*<br>*Brianna Fuller Mircheff*<br><br>STIPULATED PROTECTIVE ORDER[1] |

---

[1] This Stipulated Protective Order is based on the model protective order provided under Magistrate Judge Brianna Fuller Mircheff's Procedures.

1. <u>INTRODUCTION</u>

    1.1    <u>PURPOSES AND LIMITATIONS</u>

    Discovery in this action will involve the production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, Plaintiffs Natalie Gomez, Advanced Weight Loss Surgical Association, and Minimally Invasive Surgical Association ("Plaintiffs") and Defendant Aetna Life Insurance Company ("Defendant") (Plaintiffs and Defendant are collectively referred to herein as the "Parties") hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  This Protective Order shall govern any record of information produced in this action and designated pursuant to this Protective Order, including all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, all designated deposition exhibits, interrogatory answers, admissions, documents and other discovery materials, whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents or other formal methods of discovery.

    This Protective Order shall also govern any designated record of information produced in this action pursuant to required disclosures under any federal procedural rule or local rule of the Court and any supplementary disclosures thereto.

    This Protective Order shall apply to the Parties and to any nonparty from whom discovery may be sought who desires the protection of this Protective Order.

    The Parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

/ / /

1.2  GOOD CAUSE STATEMENT

This action arises out of a dispute between Plaintiffs and Defendant regarding payment for medical services rendered by Plaintiffs Advanced Weight Loss Surgical Association and Minimally Invasive Surgical Association to Plaintiff Natalie Gomez ("Plaintiff Gomez"), who was enrolled in a health care plan insured and administered by Defendant. Discovery in this action will involve the disclosure of private information of Plaintiff Gomez, including personal health information and information regarding the medical services provided, trade secrets, and other valuable commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information includes, among other things, confidential business or financial information, information regarding confidential business practices, information implicating privacy rights of third parties, information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing will be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

/ / /

2.  DEFINITIONS

    2.1  Action: *Natalie Gomez, et al. v. Senior Operation, LLC,* Central District of California, Case No. 2:23-cv-03889-CBM-BFMx.

    2.2  Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

    2.3  "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

    The term Confidential Information shall include confidential or proprietary technical, scientific, financial, business, health, or medical information designated as "CONFIDENTIAL" by the producing party.

    The term "Confidential Health Information" shall constitute a subset of Confidential Information, and shall be designated as "CONFIDENTIAL" and subject to all other terms and conditions governing the treatment of Confidential Information.  Confidential Health Information shall mean information supplied in any form, or any portion thereof, that identifies an individual or subscriber in any manner and relates to the past, present, or future care, services, or supplies relating to the physical or mental health or condition of such individual or subscriber, the provision of health care to such individual or subscriber, or the past, present, or future payment for the provision of health care to such individual or subscriber. Confidential Health Information shall include, but is not limited to, claim data, claim forms, grievances, appeals, or other documents or records that contain any patient health information required to be kept confidential under any state or federal law, including 45 C.F.R. Parts 160 and 164 promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996 (see 45 C.F.R. §§ 164.501 & 160.103), and the following subscriber, patient, or member identifiers:

    a.  names;

|   |   |   |
|---|---|---|
| b. | | all geographic subdivisions smaller than a State, including street address, city, county, precinct, and zip code; |
| c. | | all elements of dates (except year) for dates directly related to an individual, including birth date, admission date, discharge date, age, and date of death; |
| d. | | telephone numbers; |
| e. | | fax numbers; |
| f. | | electronic mail addresses; |
| g. | | social security numbers; |
| h. | | medical record numbers; |
| i. | | health plan beneficiary numbers; |
| j. | | account numbers; |
| k. | | certificate/license numbers; |
| l. | | vehicle identifiers and serial numbers, including license plate numbers; |
| m. | | device identifiers and serial numbers; |
| n. | | web universal resource locators ("URLs"); |
| o. | | internet protocol ("IP") address numbers; |
| p. | | biometric identifiers, including finger and voice prints; |
| q. | | full face photographic images and any comparable images; and/or |
| r. | | any other unique identifying number, characteristic, or code. |

2.4 <u>Counsel</u>:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.5 <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.6 <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things) that are produced or

generated in disclosures or responses to discovery in this matter.

2.7 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8 House Counsel: attorneys who are employees of a Party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 Non-Party: any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

2.10 Outside Counsel of Record: attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party, and includes support staff.

2.11 Party: any Party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY."

2.15 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

/ / /

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4. DURATION

Once a case proceeds to trial, information that was designated as CONFIDENTIAL or maintained pursuant to this protective order used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this protective order do not extend beyond the commencement of the trial.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not

1   swept unjustifiably within the ambit of this Order.

2         Mass, indiscriminate or routinized designations are prohibited.  Designations
3   that are shown to be clearly unjustified or that have been made for an improper
4   purpose (e.g., to unnecessarily encumber the case development process or to impose
5   unnecessary expenses and burdens on other parties) may expose the Designating
6   Party to sanctions.

7         If it comes to a Designating Party's attention that information or items that it
8   designated for protection do not qualify for protection, that Designating Party must
9   promptly notify all other Parties that it is withdrawing the inapplicable designation.

10        5.2   <u>Manner and Timing of Designations</u>.  Except as otherwise provided in
11  this Order (*see*, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise
12  stipulated or ordered, Disclosure or Discovery Material that qualifies for protection
13  under this Order must be clearly so designated before the material is disclosed or
14  produced.

15        Designation in conformity with this Order requires:

16        (a)  for information in documentary form (*e.g.*, paper or electronic
17  documents, but excluding transcripts of depositions or other pretrial or trial
18  proceedings), that the Producing Party affix at a minimum, the legend
19  "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that
20  contains protected material, including Confidential Health Information.  If only a
21  portion of the material on a page qualifies for protection, the Producing Party also
22  must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings
23  in the margins).

24        A Party or Non-Party that makes original documents available for inspection
25  need not designate them for protection until after the inspecting Party has indicated
26  which documents it would like copied and produced.  During the inspection and
27  before the designation, all of the material made available for inspection shall be
28  deemed "CONFIDENTIAL."  After the inspecting Party has identified the

documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b) for testimony given in depositions that the Designating Party identifies the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

(d) for information disclosed at a hearing or trial that the Designating Party requests the Judge, at the time the information is proffered or adduced, to receive the information only in the presence of those persons designated to receive such information and Court personnel, and to designate the transcript appropriately.

A Party may also designate Confidential Information as "CONFIDENTIAL - ATTORNEYS' EYES ONLY." Confidential Information marked as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" may be used solely for the purpose of conducting this Litigation and not for any other purpose whatsoever. The parties may designate Confidential Information as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" in the same manner set forth above with an added reference to "ATTORNEYS' EYES ONLY." Information designated "CONFIDENTIAL—ATTORNEYS' EYES ONLY" may be viewed by, copied by,

exhibited to, or disclosed to only the persons described in Paragraph 7.2(a), (d), (i), and (j) and Retained Experts and Consultants, all subject to the requirements of Paragraph 7.1.  "Retained Experts and Consultants" means third party experts or consultants actually retained by a party, and does not include purely percipient experts or party employees.

   5.3 <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

   6.1 <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

   6.2 <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

   6.3 The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

/ / /

/ / /

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

    7.1 <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action and for no other action.  A Receiving Party shall hold such information received from the disclosing Party in confidence, shall not use it for any business or other commercial purpose, shall not use it for filing or prosecuting any patent application (of any type) or patent reissue or reexamination request, and shall not disclose it to any person, except as hereinafter provided.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

    All documents, including attorney notes and abstracts, which contain another party's Confidential Information, shall be handled as if they were designated pursuant to paragraph 5.

    Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

    7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

    (a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record (excluding experts and investigators) to whom it is reasonably necessary to disclose the information for this Action;

    (b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

    (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (d) the Court and its personnel;

    (e) court reporters and their staff;

    (f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

    (h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

    (i) Stenographers and videographers engaged to transcribe or record depositions conducted in this action provided that such individuals agree in writing, in the form attached at Appendix A, to be bound by the terms of this Order; and

    (j) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions, provided that such individuals agree in writing, in the form attached at Appendix A, to be bound by the terms of this Order.

/ / /

/ / /

8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be

construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party will:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order,

and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in the stipulated protective order submitted to the court.

12. <u>MISCELLANEOUS</u>

12.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   Right to Assert Other Objections.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   Filing Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material

1 under seal is denied by the court, then the Receiving Party may file the information
2 in the public record unless otherwise instructed by the court.

4  13.   FINAL DISPOSITION

5          After the final disposition of this Action, as defined in paragraph 4, within 60
6 days of a written request by the Designating Party, each Receiving Party must return
7 all Protected Material to the Producing Party or destroy such material.  As used in
8 this subdivision, "all Protected Material" includes all copies, abstracts, compilations,
9 summaries, and any other format reproducing or capturing any of the Protected
10 Material.  Whether the Protected Material is returned or destroyed, the Receiving
11 Party must submit a written certification to the Producing Party (and, if not the same
12 person or entity, to the Designating Party) by the 60 day deadline that (1) identifies
13 (by category, where appropriate) all the Protected Material that was returned or
14 destroyed and (2) affirms that the Receiving Party has not retained any copies,
15 abstracts, compilations, summaries or any other format reproducing or capturing any
16 of the Protected Material. Notwithstanding this provision, Counsel are entitled to
17 retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing
18 transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert
19 reports, attorney work product, and consultant and expert work product, even if such
20 materials contain Protected Material.  Any such archival copies that contain or
21 constitute Protected Material remain subject to this Protective Order as set forth in
22 Section 4 (DURATION).
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

14. <u>VIOLATION</u>

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions, at the discretion of the Court.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: October 21, 2024                    GORDON REES SCULLY MANSUKHANI, LLP

By:  /s/ *Shannon L. Ernster*
Courtney C. Hill
Shannon L. Ernster
Hela Vaknin
Attorneys for Defendant
SENIOR OPERATIONS, LLC

Dated: October 21, 2024                    THE LAW OFFICES OF JONATHAN A. STIEGLITZ

By:  /s/ *Jonathan A. Stieglitz*
Jonathan A. Stieglitz
Attorney for Plaintiffs
B NATALIE GOMEZ, ADVANCED WEIGHT LOSS SURGICAL ASSOCIATION, AND MINIMALLY INVASIVE SURGICAL ASSOCIATION

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: October 28, 2024

_____
HON. BRIANNA FULLER MIRCHEFF
United States Magistrate Judge

17

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Natalie Gomez, et al. v. Senior Operations, LLC,* Central District of California, Case No. 2:23-cv-03889-CBM-BFMx. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____